**6 PAGES**

**LAW OFFICES OF GABRIEL LIBERMAN, APC**
Gabriel E. Liberman (SBN 303010)
Attorney@4851111.com
2033 Howe Avenue, Suite 140
Sacramento, California 95825

Telephone: (916) 485-1111
Facsimile: (916) 485-1111

Attorney for FIRST CAPITAL RETAIL, LLC

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>FIRST CAPITAL RETAIL, LLC<br><br>FEIN: 47-2494283<br><br>Debtor. | Case No. 2017-26125-A<br>DCN: None<br><br>**PRELIMINARY CHAPTER 11 STATUS REPORT**<br><br>Status Conference set for hearing on:<br>**Date:** October 16, 2017<br>**Time:** 10:00 A.M.<br>**Location**: 501 I Street, 7th floor,<br>Courtroom 28;<br>Sacramento, CA<br><br>**Judge**: Honorable Michael S. McManus |

      FIRST CAPITAL RETAIL, LLC, (the "**Debtor**"), by and through their attorney, Gabriel E. Liberman, submits the following preliminary chapter 11 status report:

**1. History of the Debtor**

    a. Background of Debtor

      On June 5, 2015, the Debtor acquired and took over operations of the 14 Cinnabon Franchises throughout California (the "**Bakeries**"). Rameshwar Prasad was hired as a consultant

**PRELIMINARY CHAPTER 11 STATUS REPORT**

1

...

to perform due diligence on the acquisition. At time of acquisition Mr. Prasad was offered a job as the president and operator the Bakeries as well as appointed as a manager for the Small Business Loan purposes.

In 2015 the company made approximately 1 million dollars in profits and 2016 approximately 1.48 million dollars. Mr. Prasad was to be paid 30% of this but did not see any of the proceeds. On or about in end of 2017 and January of 2017, Suneet Singal (the "**Prior Owner**"). assured Mr. Prasad that he would pay his earnings.

The Prior Owner agreed to honor Mr. Prasad's 30% of profits as well as 30% of what the business was going to be sold for. Prior owner came upon a Business Development Company ("**BDC**") and presented that the BDC will acquire the business for approximately 15 million. Mr. Prasad assisted in preparing for expansion for the retail operations. Mr. Prasad assisted in two new locations in Century mall for Cinnabon and Auntie Anne's pretzels as well as various other locations for Mrs. Fields and TCBY concepts. The projections of Earnings before interest, tax, depreciation and amortization (EBITDA) was approximately 4.5 million dollars.

On February 23, 2017, the Prior Owner entered into a contractual agreement to sell his membership interest of First Capital Retail, LLC to Rameshwar Prasad.

b) Events leading to Chapter 11 filing

Upon purchasing the business there were two loans of 1.5 million from the BDC with no guarantees as the plan was to be acquired by that entity.

The monies came in, and per instruction of the Prior Owner and the monies were wired out by the management company, which was under the Prior Owner's control to places that he directed. The monies were to be used for expansion of the operations but instead went elsewhere.

**PRELIMINARY CHAPTER 11 STATUS REPORT**

Mr. Prasad began hearing promises from the previous owner that he would pay the monies back time after time but nothing ever came through.

As it was discovered later, the Prior Owner leveraged the business and represented that he owned it as took various receivable loans of over $840,000.00. These loans were tied to cash flow and they began taking monies out daily.

Mr. Prasad separated the accounts as the business could not pay its basic operating expenses as well as payroll. The separated accounts began to be levied by the loans to a point where it froze the operations. Debtor's credit card merchant accounts experienced similar fate. Debtor separated from the office in Gold River and began operating from Downtown Sacramento as Mr. Prasad wanted to avoid any further influence of the Prior Owner's management company. Debtor separated the Human Resource and Accounting department as well.

As the business is profitable and one of the best run franchises in the Cinnabon system, Debtor decided to seek protection under chapter 11 federal bankruptcy.

**2. Type of Plan**

a. Debtor intends on filing a plan of reorganization, not liquidation. Debtor intends to file a Plan and Disclosure Statement on or before December 29, 2017.

**3. Cramdown**

a. Debtor anticipates that all classes will vote in favor of the Plan under 11 U.S. C. § 1129(a)(8). However, Debtor is also prepared to confirm a Plan under 11 U.S. C. § 1129(b).

**4. Valuation of Assets**

a. Debtor does not intend on filing valuation motions.

**5. Cash Collateral and Adequate Protection**

On October 6, 2017, Debtor's attorney filed an Exparte Application for Order Shortening Time of Notice Period for Hearing on The Motion to Use Cash Collateral of Byline Bank (the

"**Application**"). As of the filing of this Status Report, the Court has not issued an Order on the Application and no hearing date has been set.

In Debtor's proposed Motion for Use of Cash Collateral, concurrently filed with the Application, Debtor proposed use of the cash collateral through a budget and summarized the creditors who hold a secured interest against their cash collateral as follows:

A. <u>SBA LOAN</u>

Byline Bank successor by merger to Ridgestone Bank ("**ByLine Bank**") holds two Promissory Notes ("**Notes**") with principal balance amounts as of the Petition Date of $1,999,732.36 and $171,176.76. The Notes are secured by two UCC-1 financing statements both recorded on January 28, 2016 against Debtor's personal property. Both loans were acquired at the inception of Debtor back in 2015 and are guaranteed by the Small Business Administration.

Debtor is proposing to pay adequate protection payments to Byline in their Motion.

B. <u>FACTORING LOANS</u>

After the Prior Owner sold the membership interest of Debtor Rameshwar Prasad in February of 2017, the Prior Owner, without the consent and authorization of the New Owner leveraged the Debtor's assets by securing four factoring loans against Debtor's future receivables. These merchant loans were taken out after the transfer of the business on February 23, 2017 and occurred on April 6, 2017, May 17, 2017, July 21, 2017 and August 14, 2017. These factoring loan were signed by the Prior Owner acting as "Managing Member" for First Capital Retail, LLC. Collectively these loans will be referred hereafter as the ("**Factoring Loans**"). The Factoring Loans aggregate balance are estimated around $840,000.00.

**PRELIMINARY CHAPTER 11 STATUS REPORT**

4

Debtor asserts that no adequate protection payment is required because Factoring Loans are adequately protected by their security interest in Debtor's cash on hand, inventory, all assets-equipment and fixtures. The value of all of Debtor's assets is estimated at $15,953,121.78 as of Petition Date. Therefore, the Factoring Loans are far over-secured. Debtor contends that the value of the collateral will not be diminishing during this case. As such, Factoring Loans are already adequately protected and do not require an adequate protection payment at this time.

**6. Adversary Proceedings**

    a.    Debtor does not anticipate any adversary proceedings at this time.

**7. Environmental Issues**

    a.    None anticipated.

**8. Objections to Claims**

    a.    Debtor intends on objecting to the four Factoring Loan claims which are estimated to total $840,000.00

| CREDITOR NAME / TYPE | EST. AMOUNT |
|---|---|
| ESBF California, LLC / Factoring Loan | $282,535.00 |
| Global Merchant Cash / Factoring Loan | $117,202.00 |
| YellowStone Capital West LLC / Factoring Loan | $282,535.00 |
| World Global Financing / Factoring Loan | $156,536.00 |

**9. Post-Confirmation Sale of Assets**

    a.    None anticipated.

**10. Anticipated Professional Fees**

    a.    <u>Debtor's bankruptcy counsel</u>: As a corporation in Chapter 11 case with millions in secured claims, the Administrative cost of this case is anticipated to be $50,000 post-petition.

b. <u>Attorney representing Debtor in potential state court civil claims against Suneet Singal</u>: Debtor anticipates in employing their state court attorney, Tory E. Griffin of HUNT JEPPSON & GRIFFIN, LLP, to continue representing debtor in a dispute with Suneet Singal, arising out of and relating to Rameshwar Prasad's purchase of a membership interest in First Capital Retail, LLC. Anticipated professional fees unknown for post-petition.

   a. <u>Attorney representing Debtor in potential criminal claims against Suneet Singal and SEC Violations:</u> Debtor anticipates in employing their state court attorney, Anthony C. Williams, to continue representing debtor in a a subpoena received from the Securities Exchange Commission (SEC) to First Capital Retail, LLC on September 7, 2017 (In the Matter of First Capital Real Estate Trust Incorporation, HO-12919, "Subpoena"). Anticipated professional fees to be $7,500.00 post-petition.

**11. Small Business**

a. Debtor is not considered a Small Business Debtor as defined in 11 U.S.C. § 101 (51D) as their total non-contingent liquidated secured and unsecured debts exceed $2,566,050.00. Debtor is still preparing the balance of their schedules and estimates their secured and unsecured debts to exceed $19 million.

Dated: October 9, 2017

                              LAW OFFICES OF GABRIEL E. LIBERMAN, APC

                              By: /s/ Gabriel E. Liberman
                                  Gabriel E. Liberman
                                  Attorney for FIRST CAPITAL RETAIL, LLC

**PRELIMINARY CHAPTER 11 STATUS REPORT**